**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-2393

RASHAD MATTHEW RIDDICK,

Plaintiff - Appellant,

v.

JACK BARBER, Former Interim Commissioner of Virginia Department of Behavioral Health and Developmental Services; HUGHES MELTON, Commissioner of Virginia Department of Behavioral Health and Developmental Services; REBECCA A. VAUTER, CSH Director; CAPTAIN BLAND, Security; DR. N. PARIKH, Assistant Medical Director; DR. S. YARATHA, Psychiatrist; DR. TED SIMPSON, Psychologist; MR. ONI, Rehab Worker; HOLLY ERNOUF, Director of Rehab Services; MICHAEL SCHAFER, Assistant Commissioner; DANIEL HERR, Deputy Commissioner; DIANE POPE, Director of Social Work,

Defendants - Appellees,

and

LAUREN CARTWRIGHT, Director of Nursing; MAJOR PARHAM, Chief of Security; DR. CARLSON, Medical Director; DR. GALUSHA, Director of Psychology,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David J. Novak, District Judge. (3:19-cv-00071-DJN)

Submitted: August 17, 2020                    Decided: September 22, 2020

Before GREGORY, Chief Judge, DIAZ, and HARRIS, Circuit Judges.

_____

Dismissed and remanded by unpublished per curiam opinion.

_____

Rashad Matthew Riddick, Appellant Pro Se. Lynne Jones Blain, Maurice Scott Fisher, Jr., HARMAN CLAYTOR CORRIGAN & WELLMAN, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashad Matthew Riddick seeks to appeal the district court's order dismissing his amended 42 U.S.C. § 1983 complaint. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The district court's disposition of Riddick's Fourteenth Amendment claims "raises questions about the finality of the dismissal order, as dismissals without prejudice naturally leave open the possibility of further litigation in some form." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610 (4th Cir. 2020) (alteration and internal quotation marks omitted).

In *Bing*, we concluded that the without-prejudice dismissal was a final, appealable order for three reasons: (1) the plaintiff had failed to identify any facts that could be added to his complaint to cure the pleading deficiency; (2) the court had directed the case to be closed after dismissing the complaint; and (3) the plaintiff had elected to stand on his complaint. *Id.* at 615. Weighing these factors here, we conclude that the district court's order is neither a final order nor an appealable interlocutory or collateral order.

Accordingly, we dismiss the appeal for lack of jurisdiction and remand to the district court with instructions to allow Riddick to file a second amended complaint. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 80 F.3d 619, 630 (4th Cir. 2015), *abrogated in part by Bing*, 959 F.3d at 614-15. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*

3